UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT
OF JOSEPH CURLEY, AS OWNER, FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY OF A 2017 REGAL BOATS 46'
CRUISER VESSEL, BEARING HULL ID NO.
RGMKE101E617,

    Petitioner,

v.                                                 Case No. 8:21-cv-2433-TPB-SPF

DELORIS HENSON,

    Claimant.
_____/

**ORDER GRANTING "PETITIONER, JOSEPH CURLEY'S, MOTION TO DISMISS COUNT II OF DELORIS HENSON'S AMENDED CLAIMS"**

This matter is before the Court on "Petitioner Joseph J. Curley's, Motion to Dismiss Count II of Deloris Henson's Amended Claims [D.E.23] and Incorporated Memorandum of Law," filed on February 7, 2022. (Doc. 26). On February 22, 2022, Claimant Deloris Henson filed a response in opposition to the motion. (Doc. 32). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

On August 7, 2020, Claimant Deloris Henson was a passenger on the vessel Salty Dolphin III on the intercoastal waterway near Sister Keys/Longboat Key, Florida. AMI Professional Group Inc. d/b/a Anna Maria Island Dolphin Tour owned and operated the vessel. According to Henson, she was injured during a sightseeing

tour when Petitioner Joseph Curley negligently operated a separate vessel at a speed that created large waves and caused her to be thrown onto the deck of the Salty Dolphin III. This incident occurred in navigable waters.

Petitioner, as the titled owner of the vessel, initiated this action for exoneration from or for limitation of liability for all claims arising out of the incident. Henson filed a seven-count amended F(5) claim, asserting claims of negligence against AMI, Joseph Curley, and Joseph Sweet (the captain of the Salty Dolphin III). She specifically alleges negligence (Count I) and violation § 327.32, *F.S.* (Count II) against Curley.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, the court's scope of review is limited to the four corners of the complaint. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, a document attached to the pleading as an exhibit may be considered if it is central to the plaintiff's claim and the authenticity of the document is not challenged. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th

Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal"). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, No. 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Curley argues that Count II must be dismissed because § 327.32, *F.S.* imposes a higher standard of care than allowed under general maritime law. The Court agrees. As the Court explained in a prior order in a related case:

> Federal maritime law applies to this action. *See, e.g.*, *Kuhl*, No. 21-cv-60408, 2021 WL 3270084, at *3 (S.D. Fla. July 30, 2021); *Matter of Rogers*, No. 4:18-cv-10012-JLK, 2018 WL 11229132, at *2 (S.D. Fla. Sept. 18, 2018). As such, "the proper standard of care is that of general maritime law, rather than the higher standard of care imposed by Florida Statute § 327.32." *See id*.

*AMI Professional Group, Inc. v. Henson*, No. 21-cv-1866, 2021 WL 5866963, at *2 (M.D. Fla. 2021). The motion to dismiss is granted, and Count II is dismissed without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Petitioner Joseph J. Curley's, Motion to Dismiss Count II of Deloris Henson's Amended Claims [D.E.23] and Incorporated Memorandum of Law" (Doc. 26) is hereby **GRANTED**.

2. Count II of the amended F(5) claim (Doc. 23) is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of March, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**